BIRT SMITH, Plaintiff, v. JOHN L. SMITH, Individually and as Executor of URETTA SMITH, Deceased, Respondent, Impleaded with Others, and LYMAN C. SMITH, Appellant.

Appeal — erroneous reversal of judgment and order denying motion for new trial upon erroneous assumption that motion for new trial was made and denied.

Upon an appeal from a judgment and from an order of a County Court denying a motion for a new trial, although no such order is set out in the appeal book and no mention of any motion for a new trial was made, the Appellate Division, before the amendment to section 1346 of the Code of Civil Procedure, reversed the judgment and the order appealed from on the ground that the verdict of the jury, upon the question of fact submitted, and the findings of the trial court, are without evidence to support them and that the weight of evidence establishes that there was a settlement of the claim for which judgment was rendered. *Held*, that such order of reversal could have been made only upon the review of an order which the Appellate Division assumed to exist, denying a motion

for a new trial at the end of the case in the County Court; that, there being in fact no order of that kind in existence, the Appellate Division was without power upon the record before it to grant a new trial upon the grounds stated in its order, and hence that order must be reversed and the case remitted to the Appellate Division to pass upon the appeal from the judgment without reference to any supposed order denying a motion for a new trial.

*Smith* v. *Smith*, 159 App. Div. 934, reversed.

(Argued December 2, 1915; decided January 4, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 13, 1913, reversing a judgment of the Erie County Court in favor of defendant, appellant, entered after a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ernest F. Kruse* for appellant. There is no order in the case denying a motion for a new trial. In a jury cause where there is no order entered in the case denying a motion for a new trial, the appeal to the Appellate Division is only from the judgment, and the Appellate Division can consider only the exceptions taken on the trial. (*Boos* v. *World Mutual Life Ins. Co.*, 64 N. Y. 236; *Third Ave. R. R. Co.* v. *Ebling*, 100 N. Y. 98; *Passey* v. *Craighead*, 89 Hun, 76; *Gibson* v. *Denton*, 4 App. Div. 198; *Davis* v. *Willis*, 22 N. Y. Supp. 339; *Alpen* v. *Knights of Macabees*, 178 N. Y. 535; *Middleton* v. *Whitridge*, 213 N. Y. 499.)

*Edwin A. Scott* and *Manly E. King* for respondent. That there is no order in the case denying a motion for a new trial is entirely immaterial. (*Bonnette* v. *Molloy*, 209 N. Y. 167; *Lamport* v. *Smedley*, 213 N. Y. 82; *Middleton* v. *Whitridge*, 213 N. Y. 499.)

WILLARD BARTLETT, Ch. J.   In her lifetime Mrs. Uretta Smith was the owner of a fifty-acre farm in the town of Concord in Erie county. She died on the 24th

day of July, 1911, leaving a last will and testament whereby she devised the farm to her three children, Birt Smith, Charles P. Smith and John L. Smith, share and share alike. The present suit was brought by one of them against the others for a partition of the property. The complaint alleged that Lyman C. Smith, who was made a defendant, claimed to have some interest in the premises. He interposed an answer setting up an affirmative defense claiming to be the owner of the farm by reason of a written contract executed on February 8, 1910, by and between Uretta Smith (who was his grandmother) and himself, whereby she agreed that upon her death he should have the farm in consideration of which he agreed to pay the taxes, keep the buildings insured and in proper repair, operate the farm, furnish provisions for running the household together with fuel, and pay to Uretta Smith during her lifetime the sum of $25 for every three months from the first day of January, 1910.

Upon the issue raised by this defense the case came on for trial before the County Court of Erie county in May, 1913. It was tried in a peculiar manner. A jury was impaneled but only one question was submitted to the jury for determination. It appeared in the course of the testimony that Lyman C. Smith after occupying the farm for a while under the contract had left it; and the question formulated by the learned county judge for the determination of the jury was this: "Did Lyman C. Smith, when he vacated the premises in question in the early part of May, 1911, do so voluntarily and without good and sufficient cause ?"

The jury answered this question in the negative.

Upon the rendition of the verdict counsel for the plaintiff and for the defendant John L. Smith made a motion for a new trial on the minutes, which was denied. This occurred on May 21, 1913. On the 3d of July following the parties appeared in court, and counsel for the defendant John L. Smith stated that he wished to submit fur-

32

ther evidence on the issues and perhaps also some formal proof. A colloquy ensued between the court and counsel, in the course of which it appeared that the further evidence which counsel desired to introduce was designed to show a settlement of Lyman C. Smith's claim before the trial and an abandonment of the contract on his part. The court stated that findings had already been signed, and suggested that the request was practically a request for a new trial, but finally concluded against the objection of counsel for the present appellant to consider the signature to the findings as withdrawn and to hear further proof on the issue of settlement and abandonment. The testimony of three witnesses called in behalf of the defendant John L. Smith was then taken and the evidence was closed. There is no mention in the record of any motion for a new trial after this additional proof was received, nor is there any order whatever in the appeal book denying a motion for a new trial.

The learned county judge having signed findings upholding the affirmative defense of Lyman C. Smith, judgment was entered in his favor accordingly; and the defendant John L. Smith thereupon appealed from the said judgment and from an order of the County Court denying his motion for a new trial, although as has been shown no such order is set out in the appeal book and there is no mention of any motion for a new trial having been made after the case had been fully submitted to the county judge.

The Appellate Division has reversed the judgment and the order appealed from by an order which contains the following statement: "Held, that the verdict of the jury and the findings of the trial court, to the effect that the defendant, Lyman C. Smith, substantially performed the contract in suit and that his failure to fully perform the same was attributable to Uretta Smith, deceased, are without evidence to support the same; and that the weight of the evidence establishes that there was a set-

tlement and adjustment of the matters in suit between the defendant, Lyman C. Smith, and the deceased, Uretta Smith, in her lifetime, whereby the contract in suit was extinguished."

This declaration in the body of the order of reversal makes it perfectly plain that such order could have been made only upon the review of an order which the Appellate Division assumed to exist, denying a motion for a new trial at the end of the case in the County Court. There being in fact no order of that kind in existence the Appellate Division was without power upon the record before it to grant a new trial upon the grounds stated in its order — being reasons which relate solely to the absence and weight of evidence. Under these circumstances, it being plain that the reversal of the judgment was merely incidental — being a necessary sequence to the reversal of an order refusing to grant a new trial — we are unable to say what would have been the action of the Appellate Division if it had regarded the case in its true character — that is to say, as an appeal from the judgment alone. In other words, we cannot tell whether in that event the Appellate Division would have reversed or affirmed the judgment. The amendment to section 1346 of the Code of Civil Procedure which permits an appeal from a judgment on a verdict to be taken on the facts had not been enacted when this case was before the Appellate Division. (Laws of 1914, ch. 351.) The conditions are quite exceptional; but regularity of procedure and the requirements of justice demand that the · order of the Appellate Division be reversed, with costs to appellant, and the case remitted to that court to pass upon the appeal from the judgment in and of itself without reference to any supposed order denying a motion for a new trial.

HISCOCK, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Order reversed, etc.